UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN THE MATTER OF THE DETENTION AND PROBABLE CAUSE HEARINGS FOR THE FOLLOWING: | ) ) ) ) | M.J. Nos.   22-MJ-5330-JGD<br>22-MJ-5382-JGD |
| (1)   LAWRENCE MICHAEL NAGLE, | ) ) | |
| (2)   CHRISTOPHER NAGLE; | ) ) | |
| (3)   NELSON MORA; | ) ) | |
| (4)   JAVIER BELLO; | ) ) | **FILED UNDER SEAL** |
| (5)   ANTHONY BRYSON; | ) ) | |
| (6)   FRANTZ ADOLPHE; | ) ) | |
| (7)   RAYMOND KULAKOWSKI ; | ) ) | |
| (8)   SOYANNA LAGES (AT LARGE); | ) ) | |
| (9)   DAVID MUISE; | ) ) | |
| (10)  DAVID DELAURI; | ) ) | |
| (11)  SAVANNAH LEE BARTONE; | ) ) | |
| (12)  LAWRENCE M. NAGLE SR.; | ) ) | |
| (13)  ALEXANDER VILLAR; | ) ) | |
| (14)  KION SHEPHERD; | ) ) | |
| (15)  MELVIN NIEVES; | ) ) | |
| (16)  ERICK SOLIS LOPEZ; | ) ) | |
| (17)  CHRISTOPHER TEJEDA; | ) ) | |

| | |
|---|---|
| (18)   EDWARD ORTIZ; | ) |
| (19)   JUSTIN WESTMORELAND; | ) ) ) |
| (20)   YAIRA RAMOS-RIVERA; | ) ) ) |
| (21)   JOSE GARCIA; | ) ) ) |
| (22)   ANNA BRYSON; and | ) ) ) |
| (23)   CHEVON DORCE. | ) |

### SECOND SUPPLEMENTAL DECLARATION IN SUPPORT OF DETENTION AND PROBABLE CAUSE

I, Gregory Forestell, hereby declare and state as follows:

1. I am submitting this declaration to supplement and correct certain items in the Supplemental Declaration in Support of Detention/Probable Cause of DEA Task Force Officer Gregory Forestell dated October 30, 2022 ("Forestell October 30, 2022 Supplemental Declaration"), which was previously submitted in these matters (22-5330, ECF Dkt. 37; 22-5382, ECF Dkt. 5). My personal background and the background of the investigation is set forth in the October 30, 2022 Forestell Supplemental Declaration and has not changed.

2. This Declaration concerns two defendants: Justin Westmoreland ("**WESTMORELAND**") and David Muise ("**MUISE**").

**WESTMORELAND**

3. In paragraphs 247 through 263 of the Forestell October 30, 2022 Supplemental Declaration, I discussed facts supporting both probable cause and detention for **Justin Westmoreland** ("WESTMORELAND"). In the Forestell October 30, 2022 Supplemental Declaration, I discussed the fact that WESTMORELAND used telephone number (781) 520-3983 in furtherance of his narcotics trafficking activities. In that Declaration, however, I mistakenly

2

stated that telephone number (781) 520-3983 was subscribed in WESTMORELAND's name. *See* ¶ 261.

4. During the investigation, I believe that WESTMORELAND was intercepted using three different telephone numbers to communicate with Javier BELLO ("BELLO"), who was using TT-4. The three telephone numbers that I believe that WESTMORELAND used are: (781) 520-3983; (339) 338-3088; and (980) 899-2236.

5. The last telephone number listed, (980) 899-2236, was subscribed in WESTMORELAND's name. The subscriber address for this telephone number is a street address in Saugus, Massachusetts that I believe is associated with WESTMORELAND as it is the same residential address that appears for WESTMORELAND in his criminal record, which is maintained by the Commonwealth of Massachusetts Department of Criminal Justice Information Services and is the same residential address that is listed for WESTMORELAND on a Saugus Police Department arrest report dated April 14, 2018.

6. As discussed in paragraphs 250 through 260 of the Forestell October 30, 2022 Supplemental Declaration, I believe that WESTMORELAND used telephone number (980) 899-2236 to order 100 pills of controlled substances from BELLO and that SOLIS delivered the pills to WESTMORELAND at Target Location #19.

7. WESTMORELAND, however, was not listed as the subscriber for telephone number (781) 520-3983, which I believe was also used by him.

8. However, the remainder of the information set forth in paragraph 261 of the Forestell October 30, 2022 Supplemental Declaration is accurate. That is, during the investigation, an investigator positively identified WESTMORELAND as being at a location where BELLO had directed the user of telephone number (781) 520-3983 to go, and BELLO has referred at times to

the user of (781) 520-3983 in other intercepted communications as *"Wes," "Westie,"* and *"West."* For these reasons, I continue to believe that WESTMORELAND was the user of telephone number (781) 520-3983.

9. Moreover, I have listened to the intercepted communications over TT-4 that involved the user of telephone number (980) 899-2236, which is subscribed in WESTMORELAND's name. I then compared the voice of that user to intercepted communications involving the user of (781) 520-3983, which, as stated, I believe was also used by WESTMORELAND. Based upon my review of these recordings, I believe that same individual used each of these telephones to communicate with BELLO on TT-4. For the reasons stated above, I believe that individual was WESTMORELAND. (Additionally, I also compared the voice of the user of telephone number (781) 520-3983 and telephone number (980) 899-2236 to the voice of the user of telephone number (339) 338-3088. From that comparison, I concluded that WESTMORELAND was also the user of (339) 338-3088).

*Additional Facts Concerning WESTMORELAND's Criminal Activity*

10. As discussed in the Forestell October 30, 2022 Supplemental Declaration, I executed an affidavit in support of a criminal complaint for various individuals, including WESTMORELAND on October 21, 2022 (the "Forestell October 21, 2022 Complaint Affidavit"). In paragraphs 201 through 203 of the Forestell October 21, 2022 Complaint Affidavit, I described certain intercepted calls that supported my belief that, on May 1, 2022, BELLO directed SOLIS to deliver oxycodone pills containing fentanyl to WESTMORELAND. In paragraphs 204 through 207 of the Forestell October 21, 2022 Complaint Affidavit, I described certain additional intercepted calls that supported by my belief that, on May 3, 2022, WESTMORELAND returned

4

to SOLIS 300 counterfeit oxycodone pills containing fentanyl and received from SOLIS 500 different counterfeit oxycodone pills containing fentanyl.

11. I did not set forth all of the intercepted calls involving WESTMORELAND's drug trafficking in the Forestell October 21, 2022 Complaint Affidavit nor did I include all of the intercepted calls involving WESTMORELAND's drug trafficking in the Forestell October 30, 2022 Detention Declaration. In this Declaration, I wish to bring to the court's attention one additional call that took place on May 1, 2022, in which I believe that WESTMORELAND, who was on release conditions for a state criminal case, discussed the fact that he needed to continue to sell counterfeit oxycodone pills containing fentanyl in part because his criminal trial was scheduled to occur soon.

> *May 1, 2022: WESTMORELAND Discussed His Desire to Continue Selling Counterfeit Oxycodone Pills Containing Fentanyl Because His Criminal Trial Was Pending*

12. At 11:09 p.m. on May 1, 2022, BELLO used TT-4 to call (781) 520-3983 and spoke with WESTMORELAND. I believe that in this call BELLO informed WESTMORELAND that the counterfeit pills oxycodone had been manufactured in the same manner as previous batches of counterfeit pills that BELLO had supplied to WESTMORELAND *("Bro, there's no changed batch, bro.")*. BELLO noted that it was to be expected that new batches would be made and that, as a result, a few of the pills might not be up to quality, but reassured WESTMORELAND that the manufacturing formula remained the same *("Obviously, them shit gets ran out and new ones get made. There's a probably a few that are no good, but everything is still the same.")*. WESTMORELAND stated that he understood but expressed concern that his drug customers did not like the pills and might stop buying the pills from him (WESTMORELAND) *("I just don't want niggas to stop fucking with me, you feel me, over that shit.")*. BELLO reminded WESTMORELAND that the pills were not pharmaceutical-grade and that some of the pills might

not be any as potent as others *("Bro, they're fake, bro. At the end of the day, not everything will be perfect.")*. WESTMORELAND replied that he understood but did not know how to respond to customers who were complaining about the quality of the pills *("Obviously, but I don't even what to say to niggas, they're like 'Yo, they're not hittin.'")*. BELLO advised that WESTMORELAND tell his customers that the pills were counterfeit and to be patient *("Like, you tell them, 'They are fake, bro. Next ones will be better.'")*. WESTMORELAND stated that he understood, but was concerned that his customers were going to be concerned that any new pills they got were going to be from the same batch as the previous poorly-made pills *("Yeah, nigga, but you feel me? Then I got this nigga [unintelligible] saying it's the same batch. That's what I'm saying. Niggas gotta sell out quick out of these shit, bro, and get new ones.")*. BELLO agreed that it might take some time for the larger customers to distribute the current batch of counterfeit oxycodone pills *("I mean, yeah, when you grab 20K or 10K or 15K. You know. Them shit don't go in two days.")*.

13. It was at this point in the conversation that I believe that WESTMORELAND referred to his pending state case for which he was at the time on release conditions. WESTMORELAND informed BELLO that he needed at least 5,000 counterfeit Oxycodone pills to sell because his trial was coming up soon and that he could not sell the pills that BELLO had distributed to WESTMORELAND *("I get it nigga, but I told you bro. I'm gonna need fucking at least 5K. **I got trial coming up bro.** And I can't grab these, bro. These niggas are saying all this shit.")*.

14. At that point, BELLO replied that WESTMORELAND had nothing to worry about *("Bro, you'll be good.")*. BELLO told WESTMORELAND to wait a couple of days to see if he continued to receive complaints and promised that he (BELLO) would permit

6

WESTMORELAND to return the pills for a fresh batch if there continued to be problems *("Give it a few days. Them shits will get done. I already told the nigga, 'Give them back, if you want to give them back.'" ... Bro, you'll be smooth. Just give them back. I'll give you a fresh new 500. It'll be alright.")*.

15. As discussed in paragraphs 204-207 of the Forestell October 21, 2022 Complaint Affidavit, on May 3, 2022, I believe that WESTMORELAND returned 300 counterfeit oxycodone pills containing fentanyl to SOLIS and received from SOLIS 500 different counterfeit oxycodone pills containing fentanyl.

*Additional Facts Concerning WESTMORELAND's Pending State Criminal Case*

16. As discussed in paragraph 262 of the Forestell October 30, 2022 Detention Declaration, I am aware that WESTMORELAND was on release conditions for a pending criminal case in Lynn District Court at the time that he engaged in the criminal conduct detailed in the Forestell October 30, 2022 Detention Declaration and the criminal conduct described in the Forestell October 21, 2022 Complaint Affidavit. That pending state criminal case involves a 2020 charge for possession of a firearm, possession with intent to distribute Class B Controlled Substance, Possession with intent to distribute Class D controlled substance, possession of ammunition, and improper storage of a firearm.

17. On November 4, 2022, I learned from an Assistant District Attorney with the Essex District Attorney's Office that on that date a judge in Lynn District Court issued an arrest warrant for WESTMORELAND and that a motion to revoke WESTMORELAND's conditions of release has been filed in the pending state criminal case.

**MUISE**

18.     In the Forestell October 30, 2022 Supplemental Declaration, I stated that MUISE has a 2009 conviction for possession with intent to distribute a Class B controlled substance, for which he was sentenced to eighteen (18) months incarceration.  However, I had since learned that this conviction was vacated and dismissed with prejudice.  (On November 1, 2022, this Court released MUISE on conditions.)

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Dated:  November 6, 2022

_____
GREGORY FORESTELL
Task Force Officer
Drug Enforcement Administration